IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-18-F |
| | ) | (WO) |
| PAYTON SYKES | ) | |

# **O R D E R**

On July 28, 2005, defendant filed an Unopposed Motion to Continue Trial (Doc. #28). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant has been reluctant to cooperate with defense counsel. The relationship between defense counsel and the defendant deteriorated to a point where counsel filed a motion to withdraw as counsel. At the hearing the court held on said motion, defendant assured the court that he wished to have the Federal Defenders Office

continue to represent him but that he desired a "little more time" to prepare for trial. Since the filing of the motion to withdraw, the relationship between defendant and his defense team has improved. The government does not opposed a continuance of the trial set in this case for August 1, 2005. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on July 28, 2005 is GRANTED;

2. That the trial of this defendant is continued from the August 1, 2005 trial term to the August 29, 2005 trial term.

DONE this 29th day of July, 2005.

                                  /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE