IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cr-18-F |
| | ) | (WO) |
| PAYTON SYKES | ) | |

## **O R D E R**

On August 22, 2005, the defendant filed an Unopposed Motion to Continue Trial (Doc. #33). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant's counsel is scheduled to undergo a surgical procedure on August 26, 2005. This procedure may delay defense counsel's ability to return to work for a couple of days. In addition, the government's expert witness is also scheduled to undergo surgery and will not be available for the August 29 trial. The replacement for the

expert witness will be unavailable to be in a trial the week of August 29, 2005. The government has no opposition to the continuance of this case to the November 7, 2005 criminal trial term. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. See United States v. Davenport, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on August 22, 2005 is GRANTED;

2. That the trial of this defendant is continued from the August 29, 2005 trial term to the November 7, 2005 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the November 7, 2005 trial term.

DONE this 24th day of August, 2005.

      /s/ Mark E. Fuller  
CHIEF UNITED STATES DISTRICT JUDGE